R. J. ORMSBY ET UX *v.* J. A. ZANONE ET UX.

**Wills—Dower—Use to Wife For Life.**

A will bequeathing to a wife certain specific personal property to be by her disposed of as she may deem best, does not give to her an additional dower interest in the remainder of the personal property.

**Same—Devise—Limitation.**

A devise to children, in "all my estate, real, personal and mixed, subject to the dower interest to my wife, as specified in the second clause above," held to limit the dower to the use of the personal and real property during life.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 2, 1870.

OPINION OF THE COURT BY JUDGE .PETERS:

The only question presented for adjudication in this case is whether Mrs. Eliza McCrum owned the stock which she attempted to dispose of by her will, or did they pass by the will of her deceased husband?

The solution of that question depends upon the proper construction of the *second* and *third* clauses of the will of her husband, the late James McCrum, probated in 1853, which read as follows:

Second. I give unto my beloved wife in addition to dower allowed by law in my estate, the use of all my household and kitchen furniture of every description, and the slaves of which I may be possessed at my death, to be held, and owned by her,

during her life, and to be disposed of in her will as she may deem proper.

Third. I give and devise to my friends, Angerean Gray and J. B. Bowles, and the survivor of them, their heirs, etc., all my estate, real, personal and mixed, wheresoever situated, subject, however, to the *dower* interest of and devised to my said wife as stated in the second clause hereof, to be by them held in trust for the sole, separate and exclusive use, and benefit of, and the rents, issues and profits thereof, to be equally divided between, and paid over to my daughters, Anna Mercer, wife of M. Johnson, and Eliza Boots McCrum, etc.

These quotations contain all the · will of James McCrum in relation to this subject.

At the April term, 1853, on motion of the widow, certain gentlemen named were appointed by the Jefferson county court to set apart, and allot to her, dower in the estate of her late husband, the persons allotted to her dower in the real estate of her said husband, and set apart to her under their appointment thirty-five shares of stock in the Bank of Louisville, eleven and one-half shares of stock in the Mechanics' Bank, eight shares of stock in the Franklin Insurance Company, and four shares in the Louisville Gas Company, which they state they considered equal in value to one-third of the stock owned by James McCrum.

By her will, probated in September, 1868, Mrs. Eliza McCrum attempted to bequeath to the sole and separate use of her daughter, Eliza R. Ormsby, all her stock in the Bank of Louisville and in the Mechanics' Bank in said city, and all money, personal estate, stocks, &c., which she owned at her death.

Mrs. Johnson, a daughter of testator, had died previous to the publication of the will of her mother, and the appellee, Mrs. Alice Zanone, her only surviving child, took the estate devised to her mother in trust by her grandfather.

This suit in equity was brought by Zanone and wife in the court below against Pope, the executor, Mrs. Ormsby, the legatee of her mother, and Robert Ormsby, her husband, for partition of certain real estate, including that which had been set aside to his widow for dower, which had belonged to the testator, and for an equal division of the stocks before named, alleging that they constituted a part of the personal estate of the testator, and that they passed by his will to the trustees therein named for the benefit

of his two daughters, that his widow was not entitled to them and could not dispose of them by will. This claim to one-half of said stocks was resisted by the executor and legatees of Mrs. McCrum; but the court below adjudged to Mrs. Zanone the one-half thereof, from which Ormsby and wife have appealed.

The word dower has a *technical,* legal signification. By the common law it is the one-third part of all the lands and tenements whereof the husband was seized at any time during coverture, which the surviving wife became entitled to, on the death of her husband to hold to herself during her natural life. *2 Black Common, p. 129.*

By the statute law of this State it is defined to be the one-third of the real estate whereof the husband, or any one for his use, was seized of an estate in fee simple at any time during coverture, which the wife takes for the term of her life, on the death of her husband, unless her right thereto has been barred, forfeited, or relinquished. *2 Vol. Stan. R. S., p. 23.*

This legal, well defined meaning being given to the word *dower* the testator must be presumed to have understood it when he used it in the two clauses of his will referred to, and there is nothing in the whole context showing that when he was disposing of his estate "subject to his wife's dower interest," he did not refer to his real estate, and was reserving to his widow her dower in it, and as there is nothing in the will indicating that the testator did not fully understand the legal import of the term when he used it, we are not authorized to give to it an extended meaning and make it embrace personal estate.

Wherefore, the judgment must be *affirmed.* No complaint is made of the judgment for the partition of the real estate.

*Pope, for. appellants.*

*Muir &B., Wolley, for appellees.*